IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-50521
Summary Calendar
_____

FIRSTCITY FINANCIAL CORPORATION; ET AL.,

Plaintiffs,

FIRST CITY FINANCIAL CORPORATION,

Plaintiff-Appellant,

versus

CHASE BANK OF TEXAS, NA;
CHASE SECURITIES, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court for
the Western District of Texas
(USDC No. W-99-CV-277)

_____

November 20, 2000

Before REAVLEY, DeMOSS and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

FirstCity Financial Corporation appeals from the dismissal of its action against Chase Bank of Texas and Chase Securities, Inc. (CSI). The district court dismissed FirstCity's case based on a forum selection clause in its engagement agreement with CSI. We review this determination de novo. See Afram Carriers, Inc. v. Moeykens, 145 F.3d 298, 301 (5th Cir. 1998).

FirstCity contends the clause is unenforceable under Fifth Circuit precedent because (1) the clause was induced by fraud and overreaching, (2) its enforcement would contravene public policy, and (3) its scope does not reach FirstCity's claims under the Bank Holding Company Act of 1956, ch. 240, 70 Stat. 133 (codified as amended in scattered sections of 12 U.S.C.).

The Supreme Court has made it clear that forum selection clauses are favored and will be enforced absent a clear showing of unreasonableness. See M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972); Haynsworth v. The Corporation, 121 F.3d 956, 962-63 (5th Cir. 1997). Furthermore, this Circuit has stated that "[f]raud and overreaching must be specific to a forum selection clause in order to invalidate it." Id. (citing Scherk v. Alberto-Culver Co., 417 U.S. 506, 519, n.14 (1974)).

For the following reasons we must agree with the splendid order of the district court. FirstCity fails to meet its burden because (1) FirstCity cannot produce

evidence that the forum selection clause itself, as opposed to the contract in general, is a product of fraud or overreaching, and any disparity in bargaining positions is mitigated by the fact that both parties to the agreement were sophisticated financial institutions represented by competent counsel; (2) no public policy at issue is strong enough to trump the presumption in favor of forum selection clauses; and (3) each of FirstCity's claims relate to its engagement of CSI, and thus, each falls within the scope of the forum selection clause.

AFFIRMED.